IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-56-BR

UNITED STATES OF AMERICA,      )
                               )
            v.                 )            ORDER
                               )
WAYNE LEVANUGHN KING           )

This matter is before the court on defendant's motion for modification of his sentence. (DE # 78.)

In 2016, defendant pled guilty to conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base and distribution of cocaine base. The court sentenced him to 120 months imprisonment on each count, to run concurrently.

In July 2020, defendant filed *pro se* the instant motion. Pursuant to Standing Order No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court appointed counsel to represent defendant for purposes of the motion. Appointed counsel filed a supporting memorandum with supporting documents. (DE # 83.) The government filed a response in opposition, (DE # 84), to which defendant filed a reply, (DE # 87). Subsequently, defendant filed letters supporting his release and his medical records from the Bureau of Prisons. (DE ## 88, 89.)

Defendant seeks release from imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>     (1) in any case—
>         (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

> fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, __ F.3d __, Nos. 20-6821, 20-6869, 20-6877, 2020 WL 7050097, at *1 (4th Cir. Dec. 2, 2020). "[A]s a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at *9 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (citation omitted) (alteration in original).

At the outset, the court recognizes that defendant has filed copies of the Warden's 6 May 2020 denial of his request for a reduction in sentence based on a debilitated medical condition.

2

(DE # 82.)  The government does not dispute that defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement.  Therefore, the court will consider the merits of defendant's motion.

Defendant requests that the court grant him compassionate release based on the national emergency due to the COVID-19 pandemic and the virus's infiltration at FCI Butner Low, where defendant is incarcerated.  (Mem., DE # 83, at 1.)  The government agrees that defendant presents multiple risk factors for severe illness from COVID-19.  (See Resp., DE # 84, at 15.) However, it argues the court should not reduce defendant's sentence because he would pose a danger to public safety if he is released and the § 3553(a) factors do not support his release.  (See id. at 16-18.)

Defendant is 59 years old and has numerous medical conditions, including HIV, obesity, Type 2 diabetes, and hypertension.  (Mem., DE # 83, at 2; Ex. 1, DE # 89.)  His age and these medical conditions increase, or might increase, his risk of severe illness from COVID-19.  See Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 15, 2020).  While FCI Butner Low has experienced a serious outbreak of COVID-19, see United States v. Savoy, No. 1:08CR00272-3, 2020 WL 6733683, at *3 (M.D.N.C. Nov. 13, 2020) ("[D]uring this past summer it is indisputable that Butner Low was suffering from a serious COVID-19 outbreak.  On July 10, 2020, Butner Low had 555 COVID-19 cases among inmates -- about half the overall population at the facility -- with 16 inmate deaths and 113 recoveries." (cleaned up and citations omitted)), it appears the infection rate has significantly decreased in recent months, compare (Reply, DE # 87, at 1-2 (citing statistics as of 30 July and 2 September 2020)), with BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Dec. 15, 2020) (showing 1 inmate and 4 staff are positive for COVID-19 and 598 inmates and 22 staff have recovered).  In

3

light of the impact COVID-19 might have on his health while he is incarcerated at FCI Butner Low, the court concludes defendant has shown extraordinary and compelling reasons for a sentence reduction.

The court now considers information bearing on the relevant § 3553(a) factors. Prior to his commission of the instant offenses, defendant had been convicted of four controlled substance felony offenses. (PSR, DE # 66, ¶¶ 21-23.) At sentencing for the instant offenses, defendant was deemed a career offender. (Id. ¶¶ 27, 58.) The resulting guideline imprisonment range was 262 to 327 months. (Id. ¶ 63.) Even so, on defendant's motion and based on his age and underlying medical conditions, the court downwardly varied from this range and sentenced defendant to a term of imprisonment more than 50% below the bottom of the range. (Mem., DE # 72; 7/30/19 Oral Order; Statement of Reasons, DE # 77.)

Defendant has been incarcerated about three and one-half years and has served 40% his sentence (with good time credit). (Mem., Ex. 1, DE # 83-1.) His projected release is in September 2025. (Id.) Defendant has not incurred any infractions. (See Mem., DE # 83, at 3; Resp., DE # 84, at 17.)

Considering the § 3553(a) factors, the court concludes defendant's release from imprisonment now is not warranted. A five-year reduction in defendant's sentence would not provide just punishment for the offenses or deter crime. Defendant's motion for compassionate release is DENIED.

This 17 December 2020.

_____
W. Earl Britt
Senior U.S. District Judge

4